IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMENA WILLIAMS                                                                                PLAINTIFF

v.                                    Case No. 4:19-cv-4024

THE LINKS AT TEXARKANA;
THE LINKS AT TEXARKANA, LP;
and LINDSEY MANAGEMENT COMPANY                                          DEFENDANTS

**ORDER**

Plaintiff brought this action *pro se* on February 27, 2019, alleging state law breach of contract claims pursuant to 28 U.S.C. § 1332—diversity of citizenship jurisdiction.[1] However, upon review of Plaintiff's Complaint, it appears that the requirements for diversity of citizenship jurisdiction are lacking. The Court now considers *sua sponte* whether it has subject matter jurisdiction over this action.

**DISCUSSION**

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). Thus, "[i]t is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir.2010). To this end, a federal court may raise the issue of subject matter jurisdiction *sua sponte*. *Hayes v. State Farm Mut. Auto. Ins.*

---

[1] Plaintiff's Complaint (ECF No. 1) consists of a pre-printed form with blanks for a plaintiff to enter handwritten information. The top of the form is captioned "**COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT (28 U.S.C. § 1332; Diversity of Citizenship)**." (ECF No. 1) (emphasis in original). The form goes on to explain subject matter jurisdiction and diversity of citizenship jurisdiction in detail and instructs the plaintiff on how to properly fill out the form.

*Co.*, No. 4:15-CV-04010, 2015 WL 3866783, at *2 (W.D. Ark. June 23, 2015) (citing *Auto–Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007). If a federal court does not have subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).

Pursuant to 28 U.S.C. § 1331 and § 1332, federal courts only have original subject matter jurisdiction over two types of cases: (1) federal question cases; and (2) diversity of citizenship cases. 28 U.S.C. § 1331; 28 U.S.C. § 1332. The present action is a diversity of citizenship case. Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). As the party attempting to invoke diversity jurisdiction, it is Plaintiff's burden to investigate the citizenship of each party and properly plead the existence of diversity. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). The existence of diversity of citizenship is determined at the time the suit in issue is instituted, not when the cause of action arose. *Blakemore v. Mo. Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986). Moreover, because this is a diversity of citizenship case, the amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. § 1332(a).

Upon consideration, the Court finds that neither requirement for diversity of citizenship jurisdiction has been satisfied. Plaintiff alleges that she is an Arkansas citizen. However, Plaintiff also alleges that Defendants are Arkansas citizens, and thus, not diverse. Moreover, Plaintiff's Complaint alleges $54,987 in damages—well below the $75,000 threshold required in diversity of citizenship cases.

Accordingly, the Court finds that it lacks subject matter jurisdiction over this matter.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 7th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] Plaintiff's Complaint also states that her landlord ignored maintenance requests after she filed a disability discrimination complaint and prays for $20,000 in disability discrimination damages. To the extent Plaintiff has asserted any viable federal question claims relating to disability discrimination, they remain alive in Plaintiff's subsequently filed case, *Williams v. The Links at Texarkana, et al*, 4:19-cv-04027-SOH.